RECEIVED

JAN 22 2025

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

FORM FOR USE IN APPLICATIONS

FOR MOTIONS UNDER 28 U.S.C. § 2255

_RICKY ALAN BLODGETT_
Name

_05236-082_
Prison Number

_FEDERAL CORRECTIONAL INSTITUTION #1 (VICTORVILLE)_
_Adelanto, CA. (P.O. Box 3725, Adelanto, CA. 92301)_
Place of Confinement

United States District Court _____ District of _ALASKA_

Case No. _3:23-cr-00049-SLG_
(To be supplied by Clerk of U.S. District Court)

United States,

v.

_RICKY ALAN BLODGETT_
(Full name of movant)

(If movant has a sentence to be served in the <u>future</u> under a
federal judgment which he wishes to attack, he should file a motion
in the federal court which entered the judgment.)

# MOTION

1. Name and location of court which entered the judgment of conviction under attack _FEDERAL DISTRICT COURT_
_ANCHORAGE, ALASKA_

2. Date of judgment of conviction _10/30/2023_

3. Length of sentence _180_    Sentencing Judge _GLEASON_

4. Nature of offense or offenses for which you were convicted:
_POSS. W/INTENT TO DISTRIBUTE 841(a)(1)_

5. What was your plea? (check one)
   (a) Not guilty ( )
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _PLEA AGREEMENT_

6. Kind of trial: (check one)
   (a) Jury ( )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )    No ( )

8. Did you appeal from the judgment of conviction?
   Yes ( )    No (X)

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ( )    No (X)

3

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____
        _____
        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____
        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( )      No ( )
        (5) Result_____
        (6) Date of result _____

    (b) As to any second petition, application or motion, give the same information:
        (1) Name of court _____
        (2) Nature of proceeding _____
        _____
        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____
        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( )      No ( )
        (5) Result_____
        (6) Date of result _____

    (c) As to any third petition, application or motion, give the same information:
        (1) Name of court _____
        (2) Nature of proceeding _____
        _____
        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____

4

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )    No ( )

(5) Result _____

(6) Date of result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes ( )    No ( )
(2) Second petition, etc.    Yes ( )    No ( )
(3) Third petition, etc.     Yes ( )    No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____
_____
_____
_____
_____
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach additional pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, <u>you should raise in this motion all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

5

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

NOTE: If Movant asserts denial of effective assistance of counsel (ground "i"), he <u>must</u> describe with particularity the factual basis for his claim (e.g., lawyer failed to raise insanity defense), <u>and</u> he must describe the prejudice allegedly suffered as a result of the denial of effective assistance of counsel (e.g., convicted of crime that Movant lacked the mental capacity to commit).

A. Ground One: <u>Counsel failed to investigate mitigating factors that would have yielded a lower sentence</u>

Supporting FACTS (tell your story briefly without citing cases or law): (1) the Plea Agreement that Counsel chose to proceed to sentencing with/without investigating the prior history of Petitioner's recent release from federal custody as well as the prosecution's rapid request of enter a plea of guilty or else petitioner would suffer grave consequences under a harsher punishment placed the defendant in a greater sentencing range. Counsel knew that the 2023 Amendments were to be implemented in only 2 days time, which would change Petitioner's sentencing factors dramatically, knowing this Counsel proceeded to sentencing without caution. The prior criminal history enhancement of 5 years consecutive mandatory to the 10 year mandatory minimum for the current offense was incorrectly applied. Amendments of 2023 such as 802 would have directly changed Defendant's sentencing factors the Prior "Attempted Possession" does not qualify any longer as of 11/1/2023. Coupled with Counsel's creating duress of entering the Plea Agreement created an environment of impending more severe punishment if not completed as is with the prosecution. Counsel's failures induced petitioner to enter a guilty plea and the resulting sentence.

6

B. Ground Two: Counsel Created a conflict of interest between Counsel and Petitioner when Counsel offered the Plea Agreement.

Supporting FACTS (tell your story briefly without citing cases or law): It is unethical for Counsel to offer/advise Petitioner/Client to enter into a Contract when the Contract has a waiver or other factors that place Petitioner/Client in a position which subjects that Client/Petitioner to a harsher, more negative outcome. Creating a damn if you do and/or damn it you don't environment conflicted with Counsels adequate Representation of the Petitioner.

C. Ground Three: Counsel engaged in conflicted representation of Petitioner by proceeding to Sentencing.

Supporting FACTS (tell your story briefly without citing cases or law): Counsel negotiated intentionally to advise Petitioner to enter into a plea Agreement and Sentencing while knowing that the Sentencing laws/Amendments of 2023 would have subjected Petitioner to a far lower Sentence of atleast 50% or more of the Sentence imposed. Under the New Amendments taking effect on 11/1/2023, only 48 hours in relation to Petitioner's sentencing, a Sentencing range of 78 to 97 months would have been the exposure to the Petitioner. NOT 180 months that was imposed.

D. Ground Four: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state **briefly** what grounds were not so presented, and give your reasons for not presenting them:

_____
_____
_____
_____
_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ( )    No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing *Buck Wannell Public Defenders Service Alaska*
   (b) At arraignment and plea _____
   (c) At trial _____
   (d) At sentencing *SAME*
   (e) On appeal _____
   (f) In any post-conviction proceeding _____
   (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ( )    No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (X)
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____
   (b) And give date and length of sentence to be served in future: _____
   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ( )    No ( )

8

Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


Executed on  /-/0-2025
                    (Date)



                          Ricky alan Blodgett
                          Signature of Movant


9

RICKY ALAN BLODGETT 05236-082
Federal Correctional Institution #1
P.O. Box 3725
Adelanto, CA. 92301

SN BERNARDINO CA   923
16 JAN 2025   PM 4   L

To- U.S. District Court Alaska
Court Clerk of S. Gleason
222 W. 7th Street #4
Anchorage, Alaska 99513